UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DEXTER BURRELL TAYLOR**, Petitioner, vs. **SHERMAN CAMPBELL**, Respondent. | 2:21-CV-10816-TGB <br><br> **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1).** |

Dexter Burrell Taylor, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrain, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e) and (f).

For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**.

## I.  Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion

1

affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> In July 1996, Rachel Davis reported that she was sexually assaulted behind a vacant building on Outer Drive in Melvindale in July 1996. Davis accepted a ride from Taylor, believing that they would smoke crack cocaine together. She did not know Taylor, but had previously seen him at locations where crack cocaine users gathered. According to Davis, Taylor drove behind the vacant building and parked in a loading dock area. He ordered her out of the car, and she got scared and jumped out, losing her sandals in the process. After she got out of his car, Taylor pushed her to the pavement and penetrated her vagina with his penis. He then hit her a few times with a baseball bat before eventually leaving in his vehicle. Davis made her way to the front of the store where she yelled for help from passing cars. She was eventually taken to a hospital where she received a rape-kit examination.
>
> In 2016, the Wayne County Prosecutor's Office Sexual Assault Kit Task Force received information that Taylor's DNA profile matched the DNA profile collected from Davis's rape kit, and also from a rape kit for another person, Erica Doak, who was sexually assaulted in Detroit in 1994. Taylor was charged with CSC-I for the offense against Davis, but was not charged with any offense against Doak because the limitations period for the 1994 assault against Doak had expired. Taylor was first tried in December 2016. The jury deadlocked, however, and a mistrial was declared.
>
> Before Taylor was retried, the prosecution moved to admit testimony from Doak under MRE 404(b)(1). The trial court granted the motion. At trial, Doak testified that she was sexually assaulted on February 17, 1994, when she was six months pregnant. She stated that she was walking on Fort

Street near Schaefer Street when a man approached her with a knife, which he held to her side. The man brought her to the basement of an apparently vacant house, where he sexually assaulted her. Afterward, Doak received a rape-kit examination at a hospital. The DNA profile from a sample collected during that examination matched Taylor's DNA profile.

Taylor's defense at trial was that he had engaged in sexual activity with Davis, but that it was consensual.

*People v. Taylor*, No. 340028, 2019 WL 1370691, at *1–2 (Mich. Ct. App. Mar. 26, 2019)(internal footnote omitted).

Petitioner's conviction was affirmed. *Id., lv. den.* 506 Mich. 960, 950 N.W.2d 701 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Taylor was denied due process by the admission of prior acts evidence.

II. Mr. Taylor was denied his due process rights where his conviction was not supported by sufficient evidence of guilt.

III. While the minimum sentence is within the sentence guidelines, it is not proportional to the defendant.

IV. The statutory ban on appellate review of sentences within the sentencing guidelines is a violation of constitutionally mandated separation of powers.

## II. Standard of Review

28 U.S.C. § 2254(d) provides that:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) ((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Analysis

#### A. The prior bad acts evidence claim

Petitioner argues that his due process right to a fair trial was violated by the admission of Ms. Doak's testimony that she had been sexually assaulted by petitioner in 1994, two years prior to the assault on the victim in this case. Petitioner claims that the evidence was irrelevant, more prejudicial than probative, and was admitted in violation of M.R.E. 404(b).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall*

*v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *see also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Petitioner's claim that this evidence should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle petitioner to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original). The Michigan Court of Appeals concluded that Ms. Doak's testimony was relevant and admissible under Michigan law. *People v. Taylor*, 2019 WL 1370691, *4-5. This Court must defer to that determination.

Petitioner's claim that the state court violated M.R.E. 404(b) or any other provision of state law by admitting improper character evidence or evidence of prior bad acts is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state

7

court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990) (admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Petitioner is not entitled to relief on his first claim.

### B.   The sufficiency of evidence claim

Petitioner next contends that there was insufficient evidence to support his conviction.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on

8

review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id*. For a federal habeas court reviewing a state court conviction, "the only question under

9

*Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id*.

Petitioner argues that there was insufficient evidence presented that he used force or coercion to sexually penetrate the victim.

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. *See Farley v. Lafler,* 193 F. App'x 543, 548 (6th Cir. 2006). Petitioner was charged with first-degree criminal sexual conduct under the theory that the sexual penetration was accomplished through force or coercion. To convict a defendant under this theory, the prosecution must prove that the defendant accomplished the sexual penetration through force or coercion. "'Force or coercion includes but is not limited to' physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise." *People v. Brown*, 197 Mich. App. 448, 450, 495 N.W.2d 812

(1992)(quoting Mich. Comp. Laws, § 750.520b(1)(f)). "Force or coercion is not limited to physical violence but is instead determined in light of all [of] the circumstances." *Id*.

The Michigan Court of Appeals rejected petitioner's claim:

> It is well-established that a "complainant's testimony can, by itself, be sufficient to support a conviction of CSC." *People v. Szalma*, 487 Mich. 708, 724; 790 N.W.2d 662 (2010). Here, Davis testified that Taylor pushed her to the ground, ripped her shirt off, pulled her pants down and penetrated her vagina with his penis. She also testified that after he raped her, Taylor hit her with a baseball bat, striking her shoulders and legs. She stated that at the time she "[j]ust wanted it to end" and that she did not know if she was "going to live or die." She recounted that after the assault she had bruises and little scrapes on her legs and her shoulder. A nurse testified to observing those injuries on Davis at the hospital, and rape kit was taken at the hospital. Taylor's DNA was located in Davis's vagina. On appeal, Taylor argues that Davis's testimony should be discounted because she told multiple, confused and contradictory versions of the facts, which rendered her testimony incredible. However, in reviewing challenges to the sufficiency of the evidence, we "will not interfere with the jury's role of determining the weight of evidence or the credibility of witnesses." *People v. McRunels*, 237 Mich. App. 168, 181; 603 N.W.2d 95 (1999). Therefore, viewing this evidence in the light most favorable to the jury's verdict, we conclude that Taylor's conviction was supported by sufficient evidence.

*People v. Taylor*, 2019 WL 1370691, at *2.

The Michigan Court of Appeals' decision was reasonable, precluding relief. Petitioner does not contend that the victim's testimony,

11

if believed, would not establish the crucial elements of force or coercion, so as to prove the elements of first-degree criminal sexual conduct. Instead, he argues that the conviction should be reversed because the victim was not a credible witness due to her inconsistent stories and the lack of corroboration.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict, therefore, defeats a petitioner's claim. *Id.* Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is

therefore not entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

Additionally, the fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (citing *Gilbert v. Parke,* 763 F.2d 821, 826 (6th Cir. 1985)). The victim's testimony that petitioner sexually penetrated her using force and coercion to accomplish the act was sufficient to sustain petitioner's first-degree criminal sexual conduct conviction, notwithstanding the lack of additional evidence to corroborate the victim's testimony. *See O'Hara v. Brigano,* 499 F.3d 492, 500 (6th Cir. 2007). Petitioner is not entitled to relief on his second claim.

### C. The proportionate sentencing claim

Petitioner argues that his sentence of thirty-seven to eighty years was excessive and disproportionate.

Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United

13

States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000).

Courts reviewing Eighth Amendment proportionality claims must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995); *Vliet v. Renico,* 193 F. Supp. 2d 1010, 1015 (E.D. Mich. 2002). Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Petitioner's sentence of thirty-seven to eighty years in prison was within the statutory limits for the crime of first-degree criminal sexual conduct, which carries a maximum life sentence and was not excessively disproportionate. The mere fact that the minimum sentence of thirty-seven years may exceed petitioner's life expectancy does not alter this Court's analysis. In rejecting a similar claim in a direct appeal from a federal criminal conviction, the Sixth Circuit has noted that "[t]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." *United States v. Beverly,* 369 F.3d 516, 537 (6th Cir. 2004) (citing *Harmelin,* 501 U.S. at 996) (holding that sentence of 71 ½ years, imposed on defendant

15

who drove getaway car in four bank robberies and provided false identification documents, was not cruel and unusual punishment, even though defendant had no prior record and supplied critical information to FBI). Accordingly, petitioner is not entitled to habeas relief on his third claim.

### D. The separation of powers claim

Petitioner claims that Mich. Comp. Laws § 769.34(10) violates the separation of powers between the legislative and the judicial branches of the Michigan government. Mich. Comp. Laws Ann. 769.34(10), in pertinent part, states:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Petitioner's claim is moot because the Michigan Court of Appeals held that Mich. Comp. Laws § 769.34(10) did not apply because petitioner was sentenced under the former judicial sentencing guidelines not the currently statutory sentencing guidelines to which Mich. Comp. Laws § 769.34(10) does apply. *Taylor*, 2019 WL 1370691, at *5, n 3.

16

Furthermore, petitioner's claim that 769.34(10) violates the separation of powers between the State of Michigan's legislative and judicial branches is non-cognizable on habeas review; the separation of powers between two branches of a state government is a matter of state law. *See Austin,* 213 F.3d at 302. Any violation of the separation of powers between the legislative and judicial branches of the State of Michigan by the enactment of 769.34(10) would not entitle petitioner to relief.

In addition, petitioner would not be entitled to relief on his claim that Mich. Comp. Laws Ann. 769.34(10) violates his state constitutional right to appeal. There is no federal constitutional right to an appeal. *See Abney v. U. S.,* 431 U.S. 651, 656 (1977); *see also Smith v. Robbins,* 528 U.S. 259, 270, n. 5 (2000) (The Constitution does not require states to create appellate review in criminal cases). The right of appeal, as presently known to exist in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right, one must come within the terms of the applicable statute" with regards to that right to appeal. *Abney,* 431 U.S. at 656.

17

In *United States v. Nation,* 352 F.3d 1075 (6th Cir. 2003), the Sixth Circuit rejected a similar claim involving a federal defendant's inability, under 18 U.S.C. § 3742, to appeal a federal district court's denial of a motion to depart downward from the defendant's federal sentencing guidelines range. In rejecting the defendant's claim, the Sixth Circuit ruled that there was no due process violation, because the defendant had no constitutional right to appeal his sentence. *Id.* at 1077. The Sixth Circuit further ruled that it was within Congress' power to confer limited appellate jurisdiction with respect to a district court's sentencing decisions. *Ibid.*

In the present case, the Michigan Legislature's decision in enacting Mich. Comp. Laws Ann. 769.34(10) to limit state appellate court jurisdiction over a state trial court's sentencing decisions did not violate petitioner's federal constitutional rights, in light of the fact that petitioner has no federal constitutional right to appeal. Moreover, the United States Supreme Court has cited with approval the proposition that "[o]rdinarily, a sentence within statutory limits is beyond appellate review." *Zant v. Stevens*, 462 U.S. 862, 901 (1983). Michigan's "codification of this rule" through the adoption of Michigan's codification

18

of Mich. Comp. Laws Ann. 769.34(10) is not contrary to clearly established federal law, so as to entitle petitioner to relief. *See Holman v. Renico*, No.2006 WL 3105839, *9 (E.D. Mich. October 31, 2006).

## IV. Conclusion

For all of the foregoing reasons, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484.

The Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal

19

constitutional right. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: April 15, 2022   s/Terrence G. Berg
　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE